## Norman C. Johnson *vs.* Henry Couillard.

After argument upon a bill of exceptions, and the submission of the case to the determination of the court, it is too late to receive an amendment of the bill of exceptions from the judge who presided at the trial, without the consent of both parties; especially where the effect of rejecting the amendment is only to sustain the exceptions, and send the case to a new trial.

In an action of tort founded upon a conversion of personal property, no recovery can be had unless it is proved that the defendant converted the property before a demand and refusal, or that at the time of such demand and refusal he had it in his power to give up the property.

Tort for the conversion of a horse and wagon.

The bill of exceptions, signed by *Brigham*, J., set forth that at the trial in the superior court various questions arose as to the title to the property, respecting which rulings were made which were set forth in the bill of exceptions, but are unnecessary to be stated here. Among other rulings requested by the defendant was the following : " That no recovery can be had in this action against the defendant, unless it shall appear that before the demand and refusal he actually converted said property, or that at the time of the demand and refusal he had it in his power to give up the property." The judge gave instructions upon the various other matters requested, but omitted to comply with the above request, or to instruct the jury upon that subject. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

An amendment to the bill of exceptions was offered, under the circumstances stated in the opinion.

*G. T. Davis,* (*S. O. Lamb* with him,) for the defendant.

*D. Aiken,* for the plaintiff.

BY THE COURT. Taking this bill of exceptions as allowed by the presiding justice, there is one error so palpable that it has been deemed proper to sustain the exceptions and set aside the verdict on that account alone. We refer to the refusal to adopt the prayer for instructions as to what was necessary to show a conversion in an action of tort, founded upon a conversion. It is said by the counsel for the plaintiff, and, as we have much reason to suppose, correctly, that there is an error in the bill of exceptions, and that proper instructions were given on that point. But no amendment of the bill of exceptions having been offered until after the case had been submitted to us on argument by the respective counsel, we have not thought it proper at so late a stage of the case to receive any certificate to that effect without the consent of both parties, and especially in a case where the error can produce no greater evil than a new trial. The case of *Mc Carren* v. *Mc Nulty,* 7 Gray, 139, did not present the question of amendment of a bill of exceptions in the same stage of the case as the present does.

*Exceptions sustained.*